UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

In Re:                                          )
                                                )
Darryl Eugene Dixon                             )     Case No.  08-11825-AJM-7
Raye Jean Dixon,                                )
                                                )
                        Debtors.                )

### UNITED STATES TRUSTEE'S
### STATEMENT PURSUANT TO 11 U.S.C. §704(b)(2)

The United States Trustee, Nancy J. Gargula,  by Joseph F. McGonigal, Trial Attorney,

respectfully files this Statement pursuant to 11 U.S.C. §704(b)(2) and states:

1.      Darryl and Raye Dixon ("Debtors"), filed their chapter 7 petition, schedules, and

Chapter 7 Statement of Current Monthly Income and Means Test Calculation

("Means Test") on September 25, 2008.  Debtors are individuals whose debts

appear to be primarily consumer debts.

2.      Debtors' meeting of creditors occurred on November 17, 2008.

3.      On November 25, 2008, the U.S. Trustee filed its "Statement of Presumed

Abuse."

4.      11 U.S.C. §704(b)(2) provides:

The United States trustee ... shall, not later than 30 days after the
date of filing a statement under paragraph (1), either file a motion to
dismiss or convert under section 707(b) or file a statement setting forth the
reasons the United States trustee ... does not consider such a motion to
be appropriate, if the United States trustee ... determines that the debtor's
case should be presumed to be an abuse under §707(b) ...

5.       Based upon currently available information, the U.S. Trustee will not file a

motion to dismiss this case under § 707(b)(2), because the U. S. Trustee does not

consider such a motion to be appropriate.  Specifically, notwithstanding the presumption of abuse under §707(b)(2), the Debtors have demonstrated that compelling circumstances exist in this case that justify adjustments to the debtors' monthly expenses for which there is no reasonable alternative.

6.      In particular, the Debtors have demonstrated that they have separated and live in separate households with no intention of residing together in the future.  After adjusting the Debtors' expenses as reported on their Means Test to include those expenses that result from maintaining two households, the Debtors no longer have any monthly disposable income and the presumption of abuse under 11 U.S.C. § 707(b)(2) does not arise.

**WHEREFORE**, for the reasons above, the United States Trustee has determined that a motion to dismiss this case pursuant to 11 U.S.C. §707(b)(2) is not appropriate.

Respectfully submitted,

Nancy J. Gargula
United States Trustee

By:/s/ Joseph F. McGonigal
Joseph F. McGonigal
Trial Attorney

Office of the United States Trustee
101 W. Ohio Street,  Suite 1000
Indianapolis, Indiana  46204
(317) 226-6101

2

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 23, 2008, a copy of the foregoing <u>UNITED STATES TRUSTEE'S STATEMENT PURSUANT TO 11 U.S.C. §704(b)(2)</u> has been served electronically or by First Class United States Mail upon:

**Darryl Eugene Dixon**
11026 Clearsprings Way
Indianapolis, IN 46239

**Raye Jean Dixon**
731 S Irwin St
Indianapolis, IN 46219

**Michael Clifford Cooley**
Allen Wellman McNew
Five Courthouse Plaza
PO Box 455
Greenfield, IN 46140

**Joanne B Friedmeyer**
1427 W 86th St #284
Indianapolis, IN 46260

By:/s/ Joseph F. McGonigal
Joseph F. McGonigal
Trial Attorney